UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                              No. 2:19-CR-20024-001

STEPHEN MARK COX                                                                        DEFENDANT

## OPINION AND ORDER

Defendant Stephen Cox filed a motion (Doc. 106) to modify his sentence pursuant to the First Step Act amendments to 18 U.S.C. § 3582(c).  The Government filed a response (Doc. 108) in opposition and, with leave of Court, filed an exhibit (Doc. 110) under seal.  The Court has reviewed other documents on the docket, including the presentence investigation report (Doc. 73).  The motion will be DENIED.

The Court may modify a term of imprisonment on motion by a defendant if the defendant has exhausted BOP administrative remedies or that process has stalled for 30 days, extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification.  18 U.S.C. § 3582(c).

On December 18, 2019, Defendant pled guilty to one count of possession with intent to distribute more than 5 kilograms of a mixture or substance containing a detectible amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii).  Defendant's plea was conditional pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, and Defendant reserved the right to appeal the Court's denial of his motion to suppress.  On May 15, 2020, in the midst of the COVID-19 pandemic, Defendant was sentenced to the mandatory minimum term of 120 months imprisonment and a 5-year term of supervised release.  Defendant subsequently

appealed the Court's opinion denying his motion to suppress and, and the Eighth Circuit affirmed the Court's ruling on April 21, 2021.  On November 15, 2021, Defendant filed the instant motion for compassionate release arguing that due to the risk posed by the COVID-19 pandemic and pursuant to the § 3553(a) factors, compassionate release is warranted.  The Government agrees that Defendant has exhausted his administrative remedies.  (Doc. 108, p. 2).

Defendant argues the COVID-19 pandemic is an extraordinary and compelling reason justifying compassionate release.  Defendant contends his pre-existing health conditions put him at an elevated risk of severe illness or death were he to contract COVID-19.  Defendant also states the BOP has classified Defendant to be at a low risk for recidivism.  Defendant is projected to be released on October 23, 2027.

The motion will be denied in this case because the current conditions at FCI Fort Dix, where Defendant is incarcerated, do not provide extraordinary and compelling circumstances justifying compassionate release, and the § 3553(a) factors do not support modification of Defendant's sentence.

As of December 8, 2021, of the 3,288 total inmates at FCI Fort Dix, 2,158 inmates, including Defendant, have been vaccinated against COVID-19.  No inmates are currently positive with COVID-19.  *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited December 8, 2021).  In light of the proven effectiveness of the approved vaccines and the nonexistence of COVID-19 cases among inmates at FCI Fort Dix, the Court does not find that Defendant is at an unjustifiably high risk of contracting COVID-19.

As to the offense conduct, in a single traffic stop Defendant was found with 17 kilograms of cocaine.  Only 18 months have passed since Defendant's sentence was imposed.  The Court finds that Defendant's time served to date is not significant enough to reflect the seriousness of his

misconduct, promote respect for the law, or provide just punishment for the offense.

    IT IS THEREFORE ORDERED that Defendant's motion (Doc. 106) is DENIED.

    IT IS SO ORDERED this 8th day of December, 2021.

                                              /s/ P. K. Holmes, III
                                              P.K. HOLMES, III
                                              U.S. DISTRICT JUDGE